Slip Op. 17-168

### UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **UNITED STATES**<br><br> **Plaintiff,**<br><br>**v.**<br><br>**GREENLIGHT ORGANIC, INC.,**<br><br>**Defendant.** | **Before: Jennifer Choe-Groves, Judge**<br><br>**Court No. 17-00031** |

### MEMORANDUM AND ORDER

[Plaintiff's motion to compel discovery is granted. Defendant's motion for a protective order is denied.]

Dated: December 18, 2017

William Kanellis, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Plaintiff. With him on brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Josh Levy, Marlow, Adler, Abrams, Newman and Lewis, P.A., of Coral Gables, FL, for Defendant. With him on brief were Peter S. Herrick, Peter S. Herrick, P.A., of St. Petersburg, FL, and Frances Pierson Hadfield, Crowell & Moring LLP, of New York, N.Y.

Choe-Groves, Judge: Plaintiff United States ("Government") brings this case against Defendant Greenlight Organic, Inc. ("Greenlight") to recover civil penalties, unpaid duties, and fees under 19 U.S.C. § 1592. The statute prohibits companies from making false statements or omitting material information in the course of importing merchandise into the United States through fraud, gross negligence, or negligence. 19 U.S.C. § 1592(a)(1) (2012). The Government alleges that Greenlight misclassified and undervalued its subject merchandise fraudulently in violation of the statute.

Before the court are two discovery motions.  The first is the Government's Motion to Compel Discovery Responses pursuant to Rule 37 of this Court.  <u>See</u> The United States' Mot. Compel Disc. Resps., Oct. 25, 2017, ECF No. 40 ("Pl.'s Mot.").  The Government claims that Greenlight "has delayed producing and has withheld disclosure" of information "integral to the prosecution of its case," <u>id.</u> at 1, and requests that the court order Greenlight to produce complete responses to the Government's Requests for Admission 1–4, as well as all documents, information, and other evidence related to Government Interrogatories 3, 5, 8–11, and 15.  <u>See</u> <u>id.</u> at 14.  Greenlight objects to the Government's motion and argues, in part, that the Government's requests are overbroad and irrelevant to the case, and that Greenlight has already produced documents to the Government over the course of the investigation.  <u>See</u> Def's Resp. Opposing Pl.'s Mot. Compel Disc. Resps. 1–3, Nov. 7, 2017, ECF No. 43 ("Def's Resp.").

The second discovery motion is Greenlight's Motion for Protective Order Limiting Discovery of Parambir Aulakh and Monika Gill's Personal Finances pursuant to Rule 26(c) of this Court.  <u>See</u> Def.'s Mot. Protective Order Limiting Disc. Parambir Aulakh & Monika Gill's Personal Finances, Nov. 7, 2017, ECF No. 44 ("Def.'s Mot.").  Greenlight seeks a protective order to limit discovery with respect to the personal finances of two of its officers, Mr. Parambir Aulakh and Ms. Monika Gill, arguing that the Government has not properly alleged claims to establish the relevancy of the proposed discovery.  <u>See</u> <u>id.</u> at 11.  The Government disagrees, stating that the requested discovery is relevant to its case-in-chief for a fraudulent business scheme and to a potential claim for piercing the corporate veil.  <u>See</u> The United States' Opp'n Def.'s Mot. Protective Order 5, 10, Nov. 22, 2017, ECF No. 49 ("Pl.'s Resp.").  The court held a

telephone conference with the Parties regarding both motions on December 4, 2017.  See

Teleconference, Dec. 4, 2017, ECF No. 52.  The court will address each discovery issue in turn.

*A.  Legal Standard*

District courts have broad discretion in deciding discovery matters.  See generally Accent

Packaging, Inc. v. Leggett & Platt, Inc., 707 F.3d 1318, 1329 (Fed. Cir. 2013) (acknowledging

court's discretion in denying additional discovery); Univ. of W. Va. Bd. of Tr. v. VanVoorhies,

278 F.3d 1288, 1304 (Fed. Cir. 2002) (noting court's discretion in denying motion to compel

discovery).  Discovery must be relevant to the issues in the case, including any party's claim or

defense, or reasonably calculated to lead to the discovery of admissible evidence.  See USCIT R.

26(b)(1).  The court must limit discovery if it finds that "the burden or expense of the proposed

discovery outweighs its likely benefit."  USCIT R. 26(b)(2)(C)(iii).

*B.  The Government's Motion to Compel*

*1.  Requests for Admission 1–4*

The Government's Requests for Admission 1–4 seek an admission from Greenlight that

Mr. Aulakh and Ms. Gill "participated in Greenlight's determination" of both the valuation and

classification of the subject merchandise.  Pl. Mot. Ex. 1, at 1–2.  Greenlight objects to the

requests, arguing that they seek discovery on matters outside of the scope of the case and

irrelevant to Plaintiff's claims.  See Def.'s Resp. 15.  The Government responds that the requests

are relevant because they relate to "who made the valuation and classification decisions at

Greenlight."  Pl.'s Mot. 4–5.

USCIT Rule 36 permits a party to serve a request for admission on another party.  A

party has thirty days to answer or object to the admission, or else the matter is admitted for the

purpose of the case. USCIT R. 36(a)(3). The responding party must "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it" in its answer, USCIT R. 36(a)(4), or state the grounds for objection. USCIT R. 36(a)(5). In the event of a dispute, "[t]he requesting party may move to determine the sufficiency of an answer or objections. Unless the court finds an objection justified, it must order that an answer be served." USCIT R. 36(a)(6).

The Government's Requests for Admission are relevant to the case because they seek information regarding the actions of Ms. Aulakh and Ms. Gill in their capacities as Greenlight's officers. It is a well-known principle that officers serve as agents of the corporation, and thus, the officers' actions in their official capacities represent the conduct of the entity. See Jones v. N.Y. Guar. & Indem. Co., 101 U.S. 622, 628 (1879) ("A corporation can act only by its agents."); Kellogg Brown & Root Serv., Inc. v. United States, 728 F.3d 1348, 1369 (Fed. Cir. 2013) ("[T]he general rule is that an agent's knowledge is imputed to the principal when employees are acting within the scope of their authority or employment, absent special circumstances.") (citing Meyer v. Holley, 537 U.S. 280, 285 (2003)); see also Long Island Sav. Bank, FSB v. United States, 503 F.3d 1234, 1250 (Fed. Cir. 2007) (applying general rule of imputing agent's knowledge to principal in action against financial institution); Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 553 (Fed. Cir. 1990) (officers' knowledge of acts, conducted within the scope of their employment, made the company liable for direct infringement). In its Requests for Admission, the Government inquired about Mr. Aulakh's and Ms. Gill's conduct in their capacities as officers of Greenlight. Because Greenlight is the named Defendant in this case, and Mr. Aulakh and Ms. Gill are officers of the corporation, the court will allow discovery regarding the conduct of Mr. Aulakh and Ms. Gill in their capacities as

officers of the Defendant.  The court directs Greenlight to respond to the Government's Requests for Admissions 1–4.

### 2. *Government Interrogatories*

The Government served Greenlight with multiple interrogatories, seven of which are at issue in this dispute.[1]  The Government contends that Greenlight has not fully complied with requests for documents, information, and other evidence related to the seven interrogatories, and asks the court to compel Greenlight to produce any and all missing documents, information, and other evidence.

USCIT Rule 33(a)(2) allows a party to serve any other party with an interrogatory that "may relate to any matter that may be inquired into under Rule 26(b)."  The responding party must "separately and fully" answer or object to each interrogatory within thirty days of service of the interrogatory.  USCIT R. 33(b).  Objections should be "stated with specificity," and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  USCIT R. 33(b)(4).  USCIT Rule 34(a) permits a party to serve any other party with a request to produce "any designated documents or electronically stored information," as well as tangible items.  Similar to Rule 33, the responding party must respond within thirty days of service of the request.  USCIT R. 34(b)(2)(A).  Objections to part of the request "must specify the part and permit inspection of the rest."  USCIT R. 34(b)(2)(C).

---

[1] The Government does not explicitly request relief from the court with respect to Government Interrogatory 6.  Because both Parties discuss Government Interrogatory 6 in their briefings, however, the court will take it into consideration and address it here.

### a. Government Interrogatory 3

Government Interrogatory 3 requests that Greenlight "[n]ame all manufacturers of Subject Merchandise imported by Greenlight from January 1, 2007 through February 9, 2012." Pl.'s Mot. Ex. 1, at 5. The interrogatory asks Greenlight to identify contact information for Greenlight's manufacturers, documents related to the subject merchandise, and all communications between its manufacturers and Greenlight. Id. Greenlight objects to the interrogatory, arguing that it is overbroad and that the timeframe requested is outside the scope of the claims alleged in the complaint. See Def.'s Resp. 8–9. Greenlight asserts also that it cannot produce communications with certain vendors because Greenlight no longer has access to a "defunct and inaccessible" former email address associated with the website "greenlightorganic.com." See id. at 3–4, 10.

Greenlight's first objection that the interrogatory is overbroad is improper because it constitutes a general objection, which is insufficient to contest an interrogatory. Courts have recognized that the "mere assertion that interrogatories are overly broad, burdensome, oppressive, or irrelevant is not adequate to constitute a successful objection." Sellick Equip. Ltd. v. United States, 18 CIT 352, 354 (1994). "A successful objection offers a recognized reason for objection buttressed by substantiated, detailed proof of the claim." United States v. Optrex America, Inc., 28 CIT 993, 995 (2004). The court finds that Greenlight's general objection is insufficient with respect to Government Interrogatory 3.

The court rejects also Greenlight's objection that Government Interrogatory 3 requests information outside the time period alleged in the complaint. The complaint seeks penalties and unpaid duties for athletic wearing apparel imported between January 1, 2007 and December 31,

2011, while the interrogatory requests information between January 1, 2007 and February 9, 2012. The Government argues that in order to prove a trade fraud case, it is helpful to compare a company's actions before and after the alleged fraud occurred. See Telephone Conference at 0:28:33–0:31:42, 0:32:48–0:33:33. The court finds that the Government's inquiry into Greenlight's actions between January 1, 2012 and February 9, 2012, the time period outside the scope of the period alleged in the complaint, is relevant to the Government's claims and is reasonably calculated to lead to admissible evidence. See USCIT R. 26(b)(1). The court instructs Greenlight to supplement its response to Government Interrogatory 3 with information, documents, and other evidence for the full time period from January 1, 2007 to February 9, 2012.

With respect to email communications associated with the defunct website "greenlightorganic.com," Greenlight argues that it cannot produce or search for any of these prior emails because it abandoned its former website. See Def.'s Resp. 3–4, 10. Greenlight's counsel agreed during the telephone conference call with the court that he will send a letter to the third-party email service provider requesting copies of the communications. See Telephone Conference at 0:40:05–0:41:00. Counsel for Greenlight also represented that he will consult with his client regarding any additional relevant documents that may be in his client's possession. See id. at 1:01:35–1:01:40, 1:04:40–1:04:45. The court orders Greenlight's counsel to file a letter with the court reporting on Greenlight's efforts to obtain communications from its third-party email service provider.

*b. Government Interrogatories 5, 6, and 15*

Government Interrogatory 5 asks Greenlight to "[i]dentify every company, other than Greenlight, with which any owner, director, manager, or employee of Greenlight participated in

the importation of merchandise into the United States." Pl.'s Mot. Ex. 1, at 7. The interrogatory also asks Greenlight to provide contact information for every company. Id. Greenlight contends that it has "turned over the documents and communications of which it is aware and in possession regarding customs brokers." Def.'s Resp. 13.

Government Interrogatory 6 asks Greenlight to "[i]dentify all documents and communications relating to Greenlight's determinations that the Subject Merchandise was made of woven or knit materials." Pl.'s Mot. Ex. 1, at 8. Greenlight responds that the documents have already been provided to the Government, and that "Greenlight relied upon the expertise and certifications of its vendors, suppliers, and customs brokers for tariff classification advice." Id.; see also Def.'s Resp. 12.

The Government asserts that Greenlight has failed to produce documents with respect to Government Interrogatory 15, which asks Greenlight to "[i]dentify all documents and communications of Greenlight relating to the labeling of Greenlight Wearing Apparel as 'recycled polyester.'" Pl.'s Mot. Ex. 1, at 16. Greenlight argues that it has already produced documents related to the interrogatory to the Government. Def.'s Resp. 12–13.

During the telephone conference with the court, the Government stated that additional documents acquired from third parties provide it with good faith reason to believe that Greenlight has failed to produce all relevant documents. See Telephone Conference at 1:04:45–1:05:06. Accordingly, the court orders Greenlight to conduct another search of its documents and to produce any remaining materials that are responsive to Government Interrogatories 5, 6, and 15, or are responsive to any other discovery requests for which Greenlight has performed incomplete document searches. The court instructs counsel for Greenlight to file a letter with the

court reporting on Greenlight's efforts to search for responsive documents in compliance with this order.

### c. Government Interrogatories 8–11

Government Interrogatories 8–11 ask Greenlight to "[i]dentify all sources of income" for Mr. Aulakh and Ms. Gill from January 1, 2007 through June 19, 2017 and to "[i]dentify all companies or persons" with whom the officers engaged professionally. Pl.'s Mot. Ex. 1, at 13–15. Greenlight objects on the basis that the Government's complaint does not allege individual wrongdoing or individual liability and the inquiry is outside of the scope of the complaint. Id.

The Supreme Court has held consistently that discovery statutes are to be broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). Discovery is not necessarily limited to the issues in the pleadings because "discovery itself is designed to help define and clarify the issues." Oppenheimer Fund, Inc., 437 U.S. at 351. Greenlight's argument contradicts the traditionally liberal nature of discovery. Because discovery is not limited to the complaint, Greenlight's objection that the Government has not yet alleged individual wrongdoing is improper at this stage of litigation. The Government has stated that the purpose of Government Interrogatories 8–11 is for the Government to obtain information to assist it with determining whether to amend its complaint to include charges of individual liability against Greenlight's officers. See Telephone Conference at 1:09:28–1:10:20. The Government's actions fall within the liberal nature of discovery and thus will be allowed.

Liability for claims brought under Section 1592 is not limited to companies. Under principles of agency law, "an agent who actually commits a tort is generally liable for the tort along with the principal, even though the agent was acting for the principal." United States v. Trek Leather, Inc., 767 F.3d 1288, 1299 (Fed. Cir. 2014) (citing Restatement (Second) of Agency § 343 (Am. Law Inst. 1958); Restatement (Third) of Agency § 7.01 (Am. Law Inst. 2006)). An officer of a corporation may be liable personally for violating Section 1592, even when the conduct falls within the scope of the officer's authority. Trek Leather, Inc., 767 F.3d at 1299. The court will allow discovery into the officers' sources of income and the companies with whom the officers have conducted business, in order to determine whether Greenlight's officers may be liable individually in the Government's Section 1592 case. The court directs Greenlight to respond to Government Interrogatories 8–11.

*C. Greenlight's Motion for Protective Order*

Defendant's motion for a protective order seeks to limit discovery into Mr. Aulakh's and Ms. Gill's personal finances, asserting that discovery is improper and irrelevant. See Def.'s Mot. 11. The Government argues that the information is necessary in order to prove the existence of a business fraud scheme and is probative as to "whether it would be appropriate to pierce the corporate veil." See Pl.'s Resp. 5–6.

USCIT Rule 26(c)(1) permits a party to move for a protective order in the course of discovery. The court may issue a protective order if it finds good cause, including "forbidding inquiry into certain matters, or limiting the scope of disclosure of discovery to certain matters." USCIT R. 26(c)(1)(D).

The Government provides adequate justification as to why the court should allow discovery regarding the personal finances of Greenlight's principals, stating that "[e]vidence of financial benefits received by Greenlight principals and their business associations are central to the fraud scheme the Government will detail at trial." Pl.'s Resp. 6. For instance, "[e]vidence collected thus far shows that soon after they became aware of the Government's investigation," Greenlight's officers "took steps to deplete Greenlight's assets and establish a new apparel company." Id. The Government believes that "[e]vidence of financial benefits and other business opportunities received" by Greenlight's officers are "probative of a common plan" for fraud and evasion of customs penalties. Id. at 8. Because the proposed discovery is related to the Government's claims against Greenlight, the court determines that discovery related to the personal finances of Mr. Aulakh and Ms. Gill will be permitted. The motion for a protective order relating to Mr. Aulakh's and Ms. Gill's personal finances is denied.

Upon consideration of the motion, and all other papers and proceedings in this action, it is hereby:

**ORDERED** that Plaintiff's motion to compel discovery is granted; and it is further

**ORDERED** that Defendant will provide complete responses to the Requests for Admission 1–4 by January 12, 2018; and it is further

**ORDERED** that Defendant will provide all documents, information, and other evidence related to Government Interrogatories 3, 5, 6, 8–11, and 15; and it is further

**ORDERED** that Defendant will file a letter with the court by January 12, 2018 reporting on Greenlight's efforts to search for responsive documents and to obtain email communications from the third-party service provider; and it is further

**ORDERED** that Defendant's motion for a protective order is denied.


                                                                    /s/ Jennifer Choe-Groves
                                                              Jennifer Choe-Groves, Judge


Dated: December 18, 2017
            New York, New York